**UNITED STATES to Use, etc., v. BRADLEY et al.**

District Court, E. D. Pa.    January 22, 1930.

No. 9284.

Paul Reilly and John Arthur Brown, both of Philadelphia, Pa., for use plaintiff.

Edward J. Mingey, of Philadelphia, Pa., for defendant.

Sur Motion for Judgment.

DICKINSON, District Judge. We have given this cause the above subcaption, but are not altogether sure that it is right.

The cause began with a contract between the United States and a general contractor on works of a public character. Bond was given under the provisions of the Act of Congress of 1894 as amended by the Act of 1905 (28 Stat. 278, and 33 Stat. 811 [40 USCA § 270]). This bond included inter alia the condition that the contractors would pay for all work done and materials supplied by subcontractors and others toward the completion of the contract job. The use plaintiff is such a claimant. There is much in the use plaintiff's situation to make a call upon our sympathy. The real defendant makes a like demand upon us. Without a thought of criticism of the draftsman of this act, it is none the less unfortunate that the effect of its provisions has been to subordinate meritorious claims to mere procedural questions. The problem before Congress was to take care so far as practicable of mechanic's lien claimants without jeopardizing the just claims of the United States. A procedure was mapped out in the effort to accomplish this. Had the method been that provided in Pennsylvania for actions on official bonds, the proceeding would have been simple. This method gives to any one who has a cause of action the right to sue on the bond, and, if default is proven, a general judgment is entered for the full sum of the bond for the benefit of all concerned, and the claimant's damages assessed; the claims subsequently presented being adjudicated through scire facias proceedings. The obligors may pay the sum of the judgment into court in satisfaction, and these funds or any raised by execution process are distributed to those having claims. In this way no procedural difficulties are encountered, nor indeed do any such questions arise. The obligors are saved any demands beyond the sum named in their bond, and every claimant (including here the United States) is assured of his rights. Unfortunately it was found necessary or desirable in the act of Congress to give the United States not merely a preferential claim under the bond, but an exclusive first right of action within a six months' period, with a denial of a right of action to any creditor unless such action be brought after the first six months' period and within a second six months, with the further right of other creditors to intervene within a year's period. These respective periods depended upon the date of "final settlement" between the United States and the principal obligor of the contract to assure the performance of which the bond was given. There is a further limitation that one suit only shall be brought.

Translated into the concrete, the date of "final settlement" here was either August 28, 1920, or May 24, 1921. If the former be the true date, an action brought before March 1, 1921, was premature; if brought after August 29, 1921, it was too late. An action was

in fact brought April 9, 1921, based upon a final settlement of August 28, 1920. Very little regard was had to the requirements of the act of Congress in the progress of this action. The present claimant, however, knew of it, because it filed a suggestion that the action was premature. This suggestion was overlooked, forgotten, or ignored, because the cause went on to verdict and judgment without further reference to it. When the first action was brought, this claimant was in a dilemma with its search for a way out of which we can well sympathize. The action having been brought on an August 28, 1920, date of settlement, the present claimant was bound to intervene or be thereafter debarred. If the true date of settlement was, as it believed, May 24, 1921, the action brought was premature and unavailing. An action had, however, in fact been brought, and, unless this was a nullity, the claimant was precluded from bringing another action. None of these facts had anything to do with the merits of the claim presented.

We have, because of this, characterized the suggested questions as procedural only. None the less they cannot be ignored, for, the right of action given being wholly statutory, the dates of final settlement and of action brought go to the conditions upon which the right of action depends. There are thus two hurdles which this claimant must surmount:

(1) The action of April 21, 1921, already brought. Unless this was a nullity, the claimant cannot institute another action, but must intervene in the one brought, and it cannot so intervene because too late.

(2) The establishment of May 24, 1921, as the true date of final settlement. The rights of this claimant are fixed by the true date, whatever it is. It would be expected that it would be given its day in court to establish this crucial date. The first claimant had the like right, and, exercising it, had the finding made of the date of August 28, 1920. One of two consequences would seem to follow. Either the first claimant fixes a date which controls all other claimants, or conflicting date findings may be made.

The view presented of the questions which arise out of such a fact situation is decidedly kaleidoscopic. The moment one question is presented it fades into another. Assuming the true date of final settlement in this case to have been August 28, 1920, this fact would quiet all questions. Assuming the true date to have been May 24, 1921, almost numberless questions at once suggest themselves. Underlying them all is the broad question arising out of the fact that there has been a finding in one action, and the act of Congress forbids the institution of another. If this first action be a nullity, then we can follow the thought that in law there has been no first action. Thus arises the question of void or voidable. If the judgment rendered was merely an erroneous judgment, it is not void. It was based upon an averment of August 28, 1920, as the date of final settlement. Unquestionably the court had jurisdiction to make this finding. Is anything more said than that the finding was erroneous? If not, the question of nullity answers itself, and, if the action and judgment were not void, this claimant is as clearly out of court. The only method of getting rid of an erroneous judgment is by its correction through appellate action or otherwise.

The conclusion reached is that this claimant is precluded from maintaining its present action by the one first instituted. This makes it unnecessary to determine the other question which we understand to be sought to be submitted to us, of whether August 28, 1920, or May 24, 1921, is the true date of final settlement under the stipulated evidentiary facts.

A word in explanation of the present status of this cause is needed. At the trial a directed verdict was rendered. Inadvertently the trial judge had sustained an objection to the offer of the record of the prior action. This evidence was the real basis of the instruction given. As the parties did not stipulate a way of escape from the consequences of this trial error, the court in banc granted a new trial.

We do not have before us the stipulation under which this argument has been held, so we leave to counsel to give expression to the conclusion herein reached in some appropriate form of judgment.

The conclusion reached is that the claimant cannot recover judgment.